FILED

2011 JAN 13  PM 1:04

CLERK
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE.FLORIDA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATRICIA KINKOPF,                              :
                                               :
      Plaintiff,                         :
                                               :
V.                                             :
                                               :  Case No.
PENNCRO ASSOCIATES, INC., a                    :
Pennsylvania corporation,                      :  3:11-cv-45-j-99mmH-TEM
                                               :
      Defendant.                         :
                                               :

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.  This is an action for damages against Defendant for violations of the Federal Fair

    Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* and for violations

    of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d)

    and 28 U.S.C. § 1337.

3.  This Court has supplemental jurisdiction to hear and decide the Plaintiff's FCCPA

    claims pursuant to 28 U.S.C. § 1367.

4.  Plaintiff PATRICIA KINKOPF (KINKOPF) is an individual and a resident of this

    State and is authorized by law to bring this action.

5.  Defendant, PENNCRO ASSOCIATES, INC., is a corporation organized under the

    laws of the State of Pennsylvania with its principal place of business in the State of

Pennsylvania located at 95 James Way, Suite 113, Southampton, Pennsylvania 18966. [Hereinafter, said Defendant is referred to as "PENNCRO"].

6.   All acts and omissions herein occurred in the State of Florida.

7.   PENNCRO committed tortious injury in the State of Florida.

8.   PENNCRO conducts business in the State of Florida.

9.   PENNCRO is subject to the jurisdiction and venue of this Court.

10.   PENNCRO may be served by personal service upon an authorized agent or officer at its principal place of business in the State of Pennsylvania: 95 James Way, Suite 113, Southampton, Pennsylvania 18966.

11.   Alternatively, PENNCRO may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Florida or Pennsylvania.

## FACTUAL ALLEGATIONS

12.   PENNCRO uses the mails in its business.

13.   PENNCRO uses telephone communications in its business.

14.   PENNCRO's principal business purpose is the collection of debts.

15.   PENNCRO regularly collects, or attempts to collect, debts owed or due, or asserted to be owed or due, another.

16.   PENNCRO is a debt collector subject to provisions of the Fair Debt Collection Practices Act.

17. PENNCRO communicated with KINKOPF, a Florida resident, in PENNCRO's attempts to collect a debt allegedly due from KINKOPF to a business not a party to this litigation.

18. In or around November and December 2010, PENNCRO, by and through its agents, left voice messages for the Plaintiff requesting a return call.

19. In the voice messages left for KINKOPF, PENNCRO failed to provide meaningful disclosure of the caller's identity.

20. In the voice messages left for KINKOPF, PENNCRO failed to state that PENNCRO is a debt collector attempting to collect a debt.

21. In PENNCRO's initial communication, PENNCRO failed to disclose that the communication was an attempt to collect a debt.

22. In PENNCRO's initial communication, PENNCRO failed to disclose that the communication was from a debt collector.

23. In PENNCRO's initial communication, PENNCRO failed to disclose that any information obtained from KINKOPF would be used for the purpose of collecting a debt.

24. In PENNCRO's subsequent communications, PENNCRO failed to disclose that the communications were from a debt collector.

25. PENNCRO did not send any written communication to KINKOPF within five (5) days of the initial oral communication.

26. PENNCRO has never sent any written communication to KINKOPF.

27. PENNCRO's actions were knowing and intentional.

28.    PENNCRO's voice message communications to KINKOPF were made to KINKOPF's personal phone.

29.    KINKOPF's personal phone contains a voice mail greeting asking the caller to provide their name and contact information.

30.    PENNCRO listened to KINKOPF's voice mail greeting and KINKOPF's request that the caller provide their name and contact information.

31.    Despite being requested to provide the name and contact information, PENNCRO refused to adequately identify itself in the messages left for KINKOPF.

32.    PENNCRO's actions were knowing and intentional

33.    As a result of PENNCRO's actions, KINKOPF has suffered actual damages in an amount to be proven at trial.

34.    PENNCRO's communications and actions violate the FDCPA.

35.    PENNCRO's communications and actions violate the FCCPA.

36.    KINKOPF will incur costs for filing and serving this action.

37.    KINKOPF has retained counsel and agreed to pay a reasonable fee.

38.    KINKOPF is entitled to recover the costs and reasonable attorney fees incurred in this action.

39.    The Plaintiff has complied with all conditions precedent to bring this action.

## COUNT I
### VIOLATION OF THE FDCPA, 15 U.S.C. §§ 1692 ET. SEQ.

40.    Plaintiff KINKOPF re-alleges and incorporates herein Paragraphs 1-39 above.

41.    PENNCRO's acts constitute intentional violations of the FDCPA.

42.    PENNCRO's violations of the FDCPA include, but are not limited to, the following:

43.     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

44.     Placing telephone calls without providing meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

45.     Using a false, deceptive, or misleading representation or means in the connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

46.     Using a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

47.     Failing to disclose in the initial communication that the communication was from a debt collector, that the communication is an attempt to collect a debt, and that any information obtained would be used for the purpose of collecting a debt, in violation of 15 U.S.C. § 1692e(11);

48.     Failing to disclose in subsequent communications that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

49.     Failing to send the required written notice to the consumer within five (5) days of the initial oral communication with a consumer, in violation of 15 U.S.C. § 1692g(a).

50.     As a direct and proximate result of PENNCRO's actions, Plaintiff KINKOPF suffered damages and is entitled to an award of the maximum statutory damages, actual damages, and an award of costs and attorney fees.

51.   WHEREFORE, Plaintiff KINKOPF respectfully demands the following relief:

    a.   That this Court enter judgment against the Defendant for violations of the FDCPA;

    b.   That this Court find each and every defense raised by the Defendant to be without merit;

    c.   That this Court award the maximum statutory damages of $1,000.00;

    d.   That this Court award actual damages in an amount proven at trial;

    e.   That this Court award the reasonable costs and attorney's fees incurred during the prosecution of this action; and

    f.   That this Court award such other and further relief as is just and proper.

**COUNT II**
**VIOLATION OF THE FCCPA, FLA. STAT. §§ 559.55 ET. SEQ.**

52.   Plaintiff KINKOPF re-alleges and incorporates herein Paragraphs 1-39 above.

53.   PENNCRO's acts constitute intentional violations of the FCCPA.

54.   PENNCRO's violations of the FCCPA include, but are not limited to, the following:

    a.   Refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt, in violation of Fla. Stat. § 559.72(15).

55.   As a direct and proximate result of PENNCRO's violations of the FCCPA, the Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, the maximum allowable statutory damages, attorney's fees, and costs.

56.   WHEREFORE, Plaintiff KINKOPF respectfully demands the following relief:

a. That this Court enter judgment against the Defendant for violations of the FCCPA;

b. That this Court find each and every defense raised by the Defendant to be without merit;

c. That this Court award the maximum statutory damages of $1,000.00;

d. That this Court award actual damages in an amount proven at trial;

e. That this Court award the reasonable costs and attorney's fees incurred during the prosecution of this action; and

f. That this Court award such other and further relief as is just and proper.

Respectfully submitted,

/s/ Adam J. Knight
Adam J. Knight
Florida Bar No. 69400
Attorney for Plaintiff

Henry W. Hicks, P.A.
3003 West Azeele Street
Suite 200
Tampa, Florida 33609
Tele. 813.876.3113
Fax. 813.871.9202
aknight@titlemark.net